IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

RONALD L. COLEMAN,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C10-00004-LRR
No. CR07-00066-LRR

ORDER

---

    This matter appears before the court on Ronald L. Coleman's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1) and motion for evidentiary hearing (civil docket no. 2). Ronald L. Coleman ("the movant") filed such motions on January 13, 2010. On January 19, 2010, the movant filed a supplement (civil docket no. 3) to the motion. On August 30, 2012, the court, among other things, directed the parties to brief the claim that the movant included in the motion. *See* Order (civil docket no. 4). On October 1, 2012, E. Daniel O'Brien, the movant's trial counsel, filed an affidavit (civil docket no. 5). On October 29, 2012, the government filed a resistance (civil docket no. 6). On January 8, 2013, the movant filed a reply (civil docket no. 9). The court now turns to consider the movant's motions.

    A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . .

allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claim from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is no need for an evidentiary hearing, and the court shall deny the movant's motion for an evidentiary hearing.

With respect to the merits of the movant's claim, the court deems it appropriate to deny the motion for the reasons stated in the government's resistance. The government's

brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that the movant's ineffective assistance of counsel claim is without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claim does not justify relief.[1]

The court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. The movant's assertions about counsel do not lead the court to conclude that a violation of the Sixth Amendment occurred.

Specifically, the court finds that counsel was not ineffective for failing to object to the court's finding that the movant was a career offender at the movant's sentencing. The movant argues that his prior state court convictions for burglary and attempted burglary were not crimes of violence because they involved buildings that were not dwellings. The

---

[1] In the motion, the movant asserts that he received ineffective assistance when counsel failed to object to the court's finding that he was a career offender at his sentencing. Specifically, the movant argues that counsel failed to adequately research whether the movant's prior felonies constituted crimes of violence under USSG §4B1.1, investigate the details of the movant's prior felonies, present the court with documents showing that those crimes were not crimes of violence and object to the court's alleged misinterpretation of USSG §4B1.1.

court finds that it was reasonable for Attorney O'Brien to conclude that these felonies were crimes of violence within the meaning USSG §4B1.1.  First, the court notes that counsel's conclusion was reasonable based on relevant Eighth Circuit Court of Appeals precedent. *See, e.g.*, *United States v. LeGrand*, 468 F.3d 1077, 1081-82 (8th Cir. 2006) (finding that burglary of any kind is a crime of violence under the sentencing guidelines).  Additionally, Attorney O'Brien avers that he reviewed the records of the movant's attempted burglary convictions, researched relevant case law regarding crimes of violence under the sentencing guidelines and concluded that the movant's prior convictions qualified as crimes of violence.  Attorney O'Brien also avers that the movant's previous attorney, John Broz,[2] sent the movant a letter concluding that the movant's prior convictions would qualify the movant as a career offender.  The court finds that, in light of the relevant case law and the facts surrounding the movant's prior convictions, it was reasonable for counsel to choose not to contest the movant's career offender status at sentencing.  Thus, the court finds that counsel's conduct fell within the range of reasonable professional assistance.

Furthermore, the court finds that the movant has failed to show that his sentence would have been different had counsel objected to the court's finding that he was a career offender.  Although the movant argues that counsel should have provided the court with the records of his prior convictions so that the court could determine whether they were crimes of violence, the movant does not identify how those documents would lead the court to determine that the felonies were not crimes of violence.  Additionally, the movant provides no evidence that the court would have changed its finding had counsel objected to the movant's career offender status.  Furthermore, during sentencing, the court stated that, even if its computation of the advisory guidelines was erroneous, the court would still impose the same sentence.  Thus, the court finds that the movant has failed to show prejudice.

---

[2] Attorney Broz represented the movant in 2003, prior to the filing of the Indictment in the underlying criminal case.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claim is without merit. Based on the foregoing, the court shall deny the movant's 28 U.S.C. § 2255 motion.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claim that he raised in the motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If he desires further review of the motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is denied;

(2) The movant's motion for evidentiary hearing (civil docket no. 2) is denied; and

(3) A certificate of appealability is denied.

**DATED** this 28th day of January, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA